UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>                          Plaintiff,<br><br>             -vs-<br><br>LONG FU LI, an individual; FU LI TRADING, INC., a New York Corporation; and DOES 1-10, inclusive<br><br>                          Defendants. | Civil Action No. 1:15-cv-4782<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

**Plaintiff Deckers Outdoor Corporation** for its claims against **Defendants Long Fu Li and Fu Li Trading, Inc.** (collectively "Defendants") respectfully alleges as follows:

## NATURE OF THE ACTION

1.      This is an action  to combat and cease the sale of counterfeit products that bear Plaintiff's exclusive UGG® and other trademarks, and that embody one or more of Plaintiff's design patents.  As a direct and proximate result of Defendants' unlawful importation, distribution and sale of counterfeit UGG® footwear, Plaintiff has been irreparably harmed.  Plaintiff seeks permanent injunctive relief, damages, costs and attorney's fees as authorized by the Lanham Act, the Tariff Act, the Patent Act, and New York State and common law.

## JURISDICTION AND VENUE

2.      Plaintiff files this action against Defendants for trademark counterfeiting, trademark infringement, illegal importation of counterfeit goods under the Lanham

Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), illegal importation of counterfeit goods under the Tariff Act, 19 U.S.C. § 1526(a), as well as patent infringement arising under the Patent Act, 35 U.S.C. §§ 271 and 289, and related claims of unfair competition under the statutory and common law of the state of New York. This Court has subject matter jurisdiction over the trademark and patent infringement claims under 28 U.S.C. §§1331 and 1338(a).

3.      This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.      This Court has personal jurisdiction over Defendants because Defendants reside and/or are incorporated and do business in this judicial district.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district and Defendants are located in this judicial district.

<u>**THE PARTIES**</u>

6.      Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Goleta, California.  Deckers designs and markets footwear identified by its famous UGG® trademark and other trademarks and design patents.

7.     Upon information and belief, Defendant Long Fu Li is an individual who resides in this judicial district and is the owner and chief executive officer of Defendant Fu Li Trading, Inc.

8.     Upon information and belief, Defendant Fu Li Trading, Inc. ("Fu Li Trading") is a corporation organized and existing under the laws of the state of New York with it principal place of business located at 57-04 136th Street, Flushing, New York 11355.

9.     Plaintiff is unaware of the names and true capacities of DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that said DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein and, that at all times referenced, each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

10.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CLAIMS

**A.      Deckers' UGG® Trademarks**

11.      Deckers has become well known throughout the United States and elsewhere as a source of high quality footwear products identified mostly by its UGG® brand of premium footwear.

12.      Deckers' UGG® products are distributed and sold to consumers through retailers including through its UGG® Concept Stores throughout the United States at point of sale and on the Internet, including through its website www.uggaustralia.com.

13.      Since acquiring the UGG® trademark and the goodwill of the business in 1995, Deckers has continuously sold footwear, clothing, and accessories under this and its other trademarks (collectively, the "UGG Marks").  Deckers has built substantial goodwill in the UGG Marks.

14.      The UGG Marks at issue in this matter include at least the following:

| Mark | U.S. Reg. No. | Reg. Date | Class | Goods/Services |
|---|---|---|---|---|
| **UGG** <br> (the "UGG Word Mark") | 3,050,925 | 01/24/2006 | 25 | Men's, women's and children's footwear, namely, boots, shoes, clogs, slippers, etc. |
| **UGG** <br> (the "Stylized UGG Mark") | 4,234,396 | 10/30/2012 | 25 | Footwear; clothing, namely, sweaters, coats, jackets, vests, ponchos, snow suits, scarves and gloves; headwear; children's buntings. |

| | 3,624,595 | 05/19/2009 | 25 | Footwear. |
|---|---|---|---|---|
|  (the "Sun Design Mark") | | | | |

15.     True and correct copies of the registration certificates from the USPTO for the UGG Marks are attached hereto as Exhibits A, B, and C.  The UGG Marks are exclusively owned by Deckers and are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065.

16.     Defendants' infringing product bears a label on the heel containing a counterfeit version of the UGG Word Mark and the Stylized UGG Mark as shown below.



**Heel Label on Defendants'**          **Authentic UGG® Heel Label**

**Infringing Product seized by Rhode**

**Island law enforcement authorities**

17.     Deckers filed and recorded copies of the registration certificates of the UGG Word and Sun Design Marks with the U.S. Bureau of Customs and Border Protection ("CBP") in accordance with Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a), and Section 42 of the Lanham Act, 15 U.S.C. § 1124.  Once filed with CBP, the UGG Word Mark was recorded by CBP under the Recordation Number TMK 06-00882,

and the Sun Design Mark was recorded by CBP under the Recordation Number TMK 14-00832.  True and correct copies of computer printouts documenting CBP's recordation of these trademarks are attached hereto as Exhibits D and E.

18.     At all times relevant hereto, the UGG Marks have been continually used by Deckers throughout the United States, on or in connection with the manufacture, distribution, sale and promotion of its products.

19.     The UGG Marks are distinctive and signify to members of the consuming public that products that come from Deckers are manufactured to the highest standard of quality.

20.     Deckers (and its predecessors) have, with consistent and earnest effort, marketed and publicized its distinctive and high-quality footwear to American consumers.  Deckers' clear and consistent marketing message has been that its footwear represents the highest quality, superior craftsmanship, and fashionable comfort.  As a result of the high quality of footwear Deckers has provided to its customers, and its reputation as a premier manufacturer of high-quality footwear, the UGG Marks have become valuable assets and are famous.

21.     Deckers has spent millions of dollars promoting the UGG Marks and its footwear and products identified by the UGG Marks.  As a direct result of the time and effort promoting the UGG Marks, Deckers' customers, its competitors and the general public have come to associate the high-quality footwear offered by Deckers with its UGG Marks.

22.     Deckers' efforts have yielded great rewards with total fiscal year 2015 UGG® brand global annual sales in excess of $1.4 billion.

23.     Deckers' products have been widely accepted by the public and are enormously popular, as demonstrated by hundreds of millions of dollars in UGG® sales each year.  As a direct result of Deckers' substantial investment in the UGG Marks, they have become famous throughout the United States and the world.

24.     The UGG Marks have come to represent and symbolize the excellent reputation of Deckers' products and valuable goodwill among members of the public throughout the world and in the United States, including New York.

**B.     Deckers' Design Patents**

25.     Deckers is the owner of numerous design patents to the various styles of footwear it offers under its UGG® brand, including U.S. Patent No. D594,638 (issued on June 23, 2009) (hereinafter the "'638 Patent"); U.S. Patent No. D500,400 (issued on January 4, 2005) (hereinafter the "'400 Patent"); U.S. Patent No. D599,999 (issued on September 15, 2009) (hereinafter the "'999 Patent"); and U.S. Patent No. D616,189 (issued on May 25, 2010) (hereinafter the "'189 Patent") (hereinafter, collectively, the "UGG® Boot Designs").  True and correct copies of the '638, '400, '999, and '189 Patents are attached hereto and incorporated herein as Exhibits F – I.  Deckers is the owner by assignment of all right, title and interest in and to the '638, '400, '999, and '189 Patents.

26.     As shown below, Defendants' infringing product appear substantially similar to and thus embody the '638, '400, '999 and '189 Patents in direct violation of 35 U.S.C. § 271.







**U.S. Patent No. D594,638**

**Authentic UGG® Footwear Featuring Registered Outsole Design**

**Outsole Design on Defendants' Infringing Product seized by Rhode Island law enforcement authorities**







**U.S. Patent No. D500,400**

**Authentic UGG® Footwear Featuring Registered Outsole Design**

**Outsole Design on Defendants' Infringing Products seized by Indiana State Excise Police**







**U.S. Patent No. D599,999**

**Authentic UGG® Footwear Featuring Registered Design**

**Design of Defendants' Infringing Products**









**U.S. Patent No. D616,189**

**Authentic UGG® Footwear Featuring Registered Design**

**Design of Defendants' Infringing Product seized by Rhode Island law enforcement authorities**

### C.      Defendant's Infringing Activities

27.      In October 2014, Indiana State Excise Police served a search warrant on Liberty Bell Flea Market, 8949 East Washington Street, Indianapolis, IN with assistance from Deckers' private investigators.  During the service of the search warrant, counterfeit UGG® footwear was seized from vendors conducting business at Liberty Bell Flea Market.  As shown below, Defendant Long Fu Li glued counterfeit UGG® labels over labels showing the Fu Li Mark.  This clearly shows the Defendant Long Fu Li's primary use of the Fu Li Mark is as a tool for clearing CBP inspections when importing knockoff footwear, after which the Defendant Long Fu Li applies counterfeit UGG® labels.

 

**Defendants' Knockoff Footwear Utilizing Counterfeit UGG® labels to cover the Fu Li Mark**

28.      Defendant Long Fu Li is the owner of U.S. Trademark Registration No. 4,502,688, described on the registration certificate as "three lower case black stylized 'F's' facing to the right without spaces between the letters."  A true and correct copy of the registration certificate from the USPTO depicting this trademark (the "Fu Li Mark") is attached hereto as Exhibit J.

29.     Defendant Long Fu Li uses the Fu Li Mark as part of the activities of Defendant Fu Li Trading to advertise, market, offer for sale, sell, and distribute footwear, including counterfeit UGG® footwear.  On information and belief, Defendants conduct this business under the fictitious business name ("fba") of "fulishoes."  Shown below is an example of a box containing the counterfeit UGG® footwear seized by Indiana State Excise Police at the Liberty Bell Flea Market, all which bear the Fu Li Mark and the "fulishoes" fba, as well as a depiction of the counterfeit UGG® footwear contained therein.  Also shown is the counterfeit UGG® heel label as it appears on Defendants' counterfeit UGG® footwear.



**Defendants' Box Containing and Depicting Infringing Product seized by Indiana State Excise Police**

**Defendants' Infringing Product with Counterfeit UGG® Heel Label**

**Defendant's Counterfeit UGG® Heel Label**

30.     Inside the box seized by Indiana State Excise Police at the Liberty Bell Flea Market were footwear infringing upon Deckers' outsole design patent as shown in the photos below.



**Outsole Design on Defendants' Infringing Products seized by Indiana State Excise Police at the Liberty Bell Flea Market**

31.     CBP periodically inspects a fraction of the merchandise imported into the United States.  As a result of one such inspection on or about October 7, 2014, CBP discovered that a shipment imported into the United States in the name of Fu Li Trading contained a commercial quantity of footwear bearing spurious marks that were either identical with or substantially indistinguishable from at least one of the UGG Marks.

32.     On or about December 16, 2014, CBP mailed to Deckers a Notice of Seizure of Infringing Merchandise (No. 2015-4601-000143-01 LG) ("Notice of Seizure") notifying Deckers that CBP had seized goods which bear marks which constitute counterfeit copies of the trademark described as follows: "The mark consists of a circular sunburst design with multiple emanating rays"  and recorded as such in CBP Recordation Number: TMK 14-00832. The Notice of Seizure names  "Fu Li Trading" as the party that imported "7,572 pairs counterfeit 'UGG' Snow Boots."  A true and correct copy of the Notice of Seizure is attached hereto as Exhibit K.

33.     The footwear referenced in the Notice of Seizure are counterfeit, and not genuine articles manufactured by or with the permission of Deckers.

34.    Upon information and belief, the Defendants arranged for and imported the shipment referenced in the Notice of Seizure in connection with their coordinated and ongoing efforts to import, sell, offer for sale, and/or distribute counterfeit UGG® brand footwear, thereby intentionally and knowingly infringing Deckers' valuable trademarks and design patents.

35.    For example, in January 2015, law enforcement authorities in the State of Rhode Island seized counterfeit UGG® footwear from individuals transiting that state by automobile en route to Massachusetts from New York.   Shown below is an example of a box containing the counterfeit UGG® footwear seized by Rhode Island law enforcement authorities all which bear the Fu Li Mark and the "fulishoes" fba, as well as a depiction of the counterfeit UGG® footwear contained therein.



**Defendants' Box Containing and Depicting Infringing Product seized by Rhode Island law enforcement authorities**

36.    Inside the box seized by Rhode Island law enforcement authorities were footwear containing UGG Marks and infringing upon Deckers' design patents as shown in the photos below.

  

| **Outsole Design of Defendants'Infringing Product seized by Rhode Island law enforcement authorities** | **Heel Label on Defendants' Infringing Product seized by Rhode Island law enforcement authorities** | **Design of Defendants' Infringing Product seized by Rhode Island law enforcement authorities** |

37.     In April 2015, Deckers private investigators served cease and desist letters to vendors operating at Richwood Flea Market, 10915 Dixie Highway, Walton, KY. During the service of the cease and desist letters, vendors voluntarily surrendered counterfeit UGG® footwear.  Shown below is an example of a box containing the counterfeit UGG® footwear surrendered by vendors at Richwood Flea Market, all which bear the Fu Li Mark and the "fulishoes" fba, as well as a depiction of the counterfeit UGG® footwear contained therein.



**Defendants' Box Containing and Depicting Infringing**

**Product Surrendered by Vendors at Richwood Flea Market**

38.     Inside the box surrendered at Richwood Flea Market were footwear
containing counterfeit UGG Marks and infringing upon Deckers' design patents as shown
in the photos below.




**Defendants' counterfeit UGG® mark        Design of Defendants' infringing product**

**surrendered at Richwood Flea Market        surrendered at Richwood Flea Market**

39.     Defendants are not authorized by Deckers to manufacture, distribute,
advertise, offer for sale, and/or sell merchandise bearing any of Deckers' federally-
registered trademarks and design patents.

40.     Defendants are engaged in and/or otherwise involved in facilitating the ongoing and unrestrained commercial importation of counterfeit UGG® footwear into the United States.  As a result of the Defendants' actions, Deckers is losing sales of genuine products, is suffering a loss of the enormous goodwill and value created in its UGG Marks, and will continue to suffer such loss if the Defendants are allowed to continue their illegal activity.

41.     The counterfeit UGG® footwear imported by the Defendants is not the same as genuine footwear manufactured and sold by Deckers under the UGG Marks.  As such, consumers who purchase counterfeit UGG® footwear are likely to be confused and/or disappointed by obtaining counterfeit footwear when they intended to purchase genuine UGG® footwear.  In addition, the sale of counterfeit UGG® footwear is likely to cause confusion among consumers regarding Deckers' sponsorship or approval of the counterfeit footwear.  As a result of the Defendants' actions, Deckers is suffering a loss of the enormous goodwill Deckers has created in its UGG® products and is losing sales of genuine products.

42.     The Defendants are likely to continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, thereby causing Deckers irreparable harm.

## FIRST CLAIM FOR RELIEF

**(For Infringement of Registered Trademarks in Violation of Section 32(1)**

**of the Lanham Act, 15 U.S.C. § 1114(1))**

43.     Deckers specifically realleges and incorporates herein by reference each
and every allegation contained in Paragraphs 1 through 42 hereof.

42.     The UGG Marks are recognized internationally and domestically, including
within this judicial district, as being affixed to goods and merchandise of the highest
quality and as originating from Deckers.

43.     The acts of the Defendants alleged herein constitute the use in commerce,
without the consent of Deckers, of a reproduction, counterfeit, copy, or colorable
imitation of one or more of the UGG Marks in connection with the sale, offering for sale,
distribution, or advertising of goods, which use is likely to cause confusion or mistake, or
to deceive consumers and therefore infringe Deckers' rights in one or more of the UGG
Marks, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

44.     The Defendants' use of the infringing marks was willful, intentional, and
done with the knowledge that the marks are counterfeit marks, as defined in Section
34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

45.     Defendants' use of the UGG Marks is without Deckers' permission or
authority and in total disregard of Deckers' rights to control its trademarks.

46.     Defendants' activities are likely to lead to and result in confusion, mistake
or deception, and are likely to cause the public to believe that Deckers has produced,

sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants'
commercial and business activities, all to the detriment of Deckers.

47.     The Defendants' acts entitle Deckers to damages for all of the Defendants'
profits derived from their past unlawful conduct, trebled, to the full extent provided under
Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the
alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C.
§ 1117(c).

48.     Deckers has no adequate remedy at law for the foregoing wrongful conduct.
Deckers has been, and absent injunctive relief will continue to be, irreparably harmed by
the Defendants' actions.

## SECOND CLAIM FOR RELIEF

## (For False Designation of Origin and Trademark and Trade Dress Infringement in Violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

49.     Deckers specifically realleges and incorporates herein by reference each
and every allegation contained in Paragraphs 1 through 48 hereof.

50.     The acts of the Defendants alleged herein constitute the use in interstate
commerce of a word, term, name, symbol, or device, or any combination thereof, or false
designation of origin, in connection with the sale, or offering for sale, of goods in
violation of section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).  These
acts of the Defendants are likely to cause confusion, or to cause mistake, or to deceive as
to the affiliation, connection, or association of the Defendants with Deckers, or as to the
origin, sponsorship, or approval of Defendants' counterfeit footwear by Deckers.

51.     Defendants' use of the UGG Marks is without Deckers' permission or authority and in total disregard of Deckers' rights to control its trademarks.

52.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Deckers has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Deckers.

53.     Defendants' use of infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

54.     Defendants' acts entitle Deckers to damages for all of the Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

55.     Deckers has no adequate remedy at law for the foregoing wrongful conduct. Deckers has been, and absent injunctive relief will continue to be, irreparably harmed by the Defendants' actions.

### THIRD CLAIM FOR RELIEF

### (For Unlawful Importation of Goods Bearing Infringing Marks in Violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124)

56.     Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 55 hereof.

57.     Defendants' acts alleged herein constitute the importation of merchandise which bears copies or simulations of the federally registered UGG Marks including, the UGG Word Mark, and the Sun Design Mark, in violation of Section 42 of the Lanham Act, 15 U.S.C. § 1124.

58.     Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

59.     Defendants' acts entitle Deckers to damages for all of the Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

60.     Deckers has no adequate remedy at law for the foregoing wrongful conduct. Deckers has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

61.     Upon information and belief, Defendant's unlawful actions began long after the UGG Marks became famous.

## FOURTH CLAIM FOR RELIEF

**(For Unlawful Importation of Goods Bearing Registered United States Trademarks in Violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a))**

62.     Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 61 hereof.

63.     Defendants' acts alleged herein constitute the importation of merchandise which bears imitations of the UGG Marks, including the UGG Word Mark and the Sun Design Mark, in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a).

64.     Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d).

65.     Defendants' acts entitle Deckers to damages for all of the Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §§ 1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c).

66.     Deckers has no adequate remedy at law for the foregoing wrongful conduct. Deckers has been, and absent injunctive relief will continue to be, irreparably harmed by the Infringing Defendants' actions.

## FIFTH CLAIM FOR RELIEF

### (For Patent Infringement in Violation of 35 U.S.C. § 271)

67.     Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 66 hereof.

68.     Deckers is the exclusive owner of the entire right, title, and interest in and to the '638 Patent, including all rights to enforce that patent and to recover for infringement.

69.     Defendants have been and currently are infringing the '638 Patent within this judicial district and elsewhere by importing, offering for sale, and selling footwear incorporating the '638 Patent.

70.     Deckers marks all footwear products embodying the design of the '638 Patent with "Pat. No. 594,638" on a product label in compliance with 35 U.S.C. § 287.

71.     Given the widespread popularity and recognition of Deckers' UGG® boots and the patent notice provided on the products themselves, Deckers avers and hereon alleges that Defendants had pre-suit knowledge of Deckers' rights to the '638 Patent and have intentionally copied said design on their own products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

72.     On information and belief, Defendants' acts herein complained of constitute willful acts and intentional infringement of the '638 Patent.

73.     Defendants' infringing footwear was not manufactured or authorized by Deckers.

74.     The actions complained of infringe the '638 Patent in violation of 35 U.S.C. § 271.

75.     Defendants' acts entitle Deckers to damages for all of Deckers' lost profits derived from Defendants' past unlawful conduct, trebled, to the full extent provided under Section 284 of the Patent Act, 35 U.S.C. § 284; all of Defendants' total profits from the sale of infringing footwear under Section 289 of the Patent Act, 35 U.S.C. § 289; and attorneys' fees under Section 285 of the Patent Act, 35 U.S.C. § 285.

76.     Deckers has no adequate remedy at law for the foregoing wrongful conduct. Deckers has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SIXTH CLAIM FOR RELIEF

### (For Patent Infringement in Violation of 35 U.S.C. § 271)

77.     Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 76 hereof.

78.     Deckers is the exclusive owner of the entire right, title, and interest in and to the '400 Patent, including all rights to enforce that patent and to recover for infringement.

79.     Defendants have been and currently are infringing the '400 Patent within this judicial district and elsewhere by importing, offering for sale, and selling footwear incorporating the '400 Patent.

80.     Deckers marks all footwear products embodying the design of the '400 Patent with "Pat. No. 500,400" on a product label in compliance with 35 U.S.C. § 287.

81.     Given the widespread popularity and recognition of Deckers' UGG® boots and the patent notice provided on the products themselves, Deckers avers and hereon alleges that Defendants had pre-suit knowledge of Deckers' rights to the '400 Patent and have intentionally copied said design on their own products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

82.     On information and belief, Defendants' acts herein complained of constitute willful acts and intentional infringement of the '400 Patent.

83.     Defendants' infringing footwear was not manufactured or authorized by Deckers.

84.     The actions complained of infringe the '400 Patent in violation of 35 U.S.C. § 271.

85.     Defendants' acts entitle Deckers to damages for all of Deckers' lost profits derived from Defendants' past unlawful conduct, trebled, to the full extent provided under Section 284 of the Patent Act, 35 U.S.C. § 284; all of Defendants' total profits from the sale of infringing footwear under Section 289 of the Patent Act, 35 U.S.C. § 289; and attorneys' fees under Section 285 of the Patent Act, 35 U.S.C. § 285.

86.     Deckers has no adequate remedy at law for the foregoing wrongful conduct. Deckers has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## SEVENTH CLAIM FOR RELIEF

### (For Patent Infringement in Violation of 35 U.S.C. § 271)

87.     Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 86 hereof.

88.     Deckers is the exclusive owner of the entire right, title, and interest in and to the '999 Patent, including all rights to enforce that patent and to recover for infringement.

89.     Defendants have been and currently are infringing the '999 Patent within this judicial district and elsewhere by importing, offering for sale, and selling footwear incorporating the '999 Patent.

90.     Deckers marks all footwear products embodying the design of the '999 Patent with "Pat. No. 599,999" on a product label in compliance with 35 U.S.C. § 287.

91.     Given the widespread popularity and recognition of Deckers' UGG® boots and the patent notice provided on the products themselves, Deckers avers and hereon alleges that Defendants had pre-suit knowledge of Deckers' rights to the '999 Patent and have intentionally copied said design on their own products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

92.     On information and belief, Defendants' acts herein complained of constitute willful acts and intentional infringement of the '999 Patent.

93.     Defendants' infringing footwear was not manufactured or authorized by Deckers.

94.     The actions complained of infringe the '999 Patent in violation of 35 U.S.C. § 271.

95.     Defendants' acts entitle Deckers to damages for all of Deckers' lost profits derived from Defendants' past unlawful conduct, trebled, to the full extent provided under Section 284 of the Patent Act, 35 U.S.C. § 284; all of Defendants' total profits from the sale of infringing footwear under Section 289 of the Patent Act, 35 U.S.C. § 289; and attorneys' fees under Section 285 of the Patent Act, 35 U.S.C. § 285.

96.     Deckers has no adequate remedy at law for the foregoing wrongful conduct. Deckers has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## EIGHTH CLAIM FOR RELIEF

### (For Patent Infringement in Violation of 35 U.S.C. § 271)

97.     Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 96 hereof.

98.     Deckers is the exclusive owner of the entire right, title, and interest in and to the '189 Patent, including all rights to enforce that patent and to recover for infringement.

99.     Defendants have been and currently are infringing the '189 Patent within this judicial district and elsewhere by importing, offering for sale, and selling footwear incorporating the '189 Patent.

100.    Deckers marks all footwear products embodying the design of the '189 Patent with "Pat. No. 616,189" on a product label in compliance with 35 U.S.C. § 287.

101.    Given the widespread popularity and recognition of Deckers' UGG® boots and the patent notice provided on the products themselves, Deckers avers and hereon alleges that Defendants had pre-suit knowledge of Deckers' rights to the '189 Patent and have intentionally copied said design on their own products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

102.   On information and belief, Defendants' acts herein complained of constitute willful acts and intentional infringement of the '189 Patent.

103.   Defendants' infringing footwear was not manufactured or authorized by Deckers.

104.   The actions complained of infringe the '189 Patent in violation of 35 U.S.C. § 271.

105.   Defendants' acts entitle Deckers to damages for all of Deckers' lost profits derived from Defendants' past unlawful conduct, trebled, to the full extent provided under Section 284 of the Patent Act, 35 U.S.C. § 284; all of Defendants' total profits from the sale of infringing footwear under Section 289 of the Patent Act, 35 U.S.C. § 289; and attorneys' fees under Section 285 of the Patent Act, 35 U.S.C. § 285.

106.   Deckers has no adequate remedy at law for the foregoing wrongful conduct. Deckers has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## NINTH CLAIM FOR RELIEF

**(Injury to Business Reputation – NY General Business Law § 360-1)**

107.   Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 106 hereof.

108.   Due to Deckers' extensive sales, and significant advertising and promotional activities, the UGG Marks have achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States and abroad.

109.    Deckers' arbitrary and distinctive UGG Marks identify Deckers as the source/origin of the goods on which the UGG Marks appear.

110.    Defendants' conduct has caused and will continue to cause irreparable injury to Deckers' good will and business reputation, in violation of New York General Business Law § 360-1 (2003).

111.    In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendants from using the UGG Marks, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above, in an amount not yet known, and the costs of this action.

## TENTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

112.    Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 111 hereof.

113.    Deckers owns and enjoys common law trademark rights to the UGG Marks throughout the United States, including within the state of New York.

114.    Defendant's unlawful acts in appropriating rights in Deckers' common law trademarks were intended to capitalize on Deckers' goodwill for Defendants' own pecuniary gain.  Deckers has expended substantial time, resources and effort to obtain an excellent reputation for its respective trademarks.  As a result of Deckers' efforts, Defendants are now unjustly enriched and are benefitting from property rights that rightfully belong to Deckers.

115.    Defendants' unauthorized use of the UGG Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Deckers.

116.    Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Deckers.

117.    Deckers has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

118.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Deckers in reckless disregard of Deckers' rights.  Said conduct was despicable and harmful to Deckers and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants, and to deter Defendants from similar conduct in the future.

119.    Deckers has no adequate remedy at law.

120.    In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendants from using the UGG Marks, and to recover all damages, including attorneys' fees, that Deckers has sustained and will sustain, all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above, in an amount not yet known, and the costs of this action.

## ELEVENTH CLAIM FOR RELIEF

### (Misappropriation and Unfair Competition Under New York Common Law)

121.    Deckers specifically realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 120 hereof.

122.    Defendants' acts constitute misappropriation and infringement of Deckers' property rights, goodwill and reputation and unfair competition under common law of the State of New York.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A.    Granting permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1)    Manufacturing, distributing, advertising, offering for sale, and/or selling any products bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the UGG Marks, or any other marks confusingly similar thereto;

(2)    Using any simulation, reproduction, counterfeit, copy, or colorable imitation of the UGG Marks in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of counterfeit footwear in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Deckers, or to any goods sold, manufactured, sponsored, or approved by, or connected with Deckers;

(3)    Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff;

(4)     Engaging in any other activity constituting unfair competition with Deckers, or constituting an infringement of the UGG Marks;

(5)     Destroying, altering, removing, delivering, holding for sale, returning, transferring, hiding, or otherwise moving, storing or disposing in any manner Defendants' counterfeit UGG® products, the materials/means to make said counterfeit products, as well as any books or records which may contain any information relating to the importation, manufacture, production, distribution, circulation, sale, marketing, offering for sale, advertisement, promotion, and/or display of counterfeit UGG® products;

(6)     Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products that infringe upon the UGG® Boot Designs;

(7)     Otherwise infringing Plaintiff's registered and common law trademarks and design patents;

(8)     Aiding, abetting, contributing to, or otherwise assisting anyone in infringement of UGG Marks and UGG® Boot Designs; and

(9)     Effecting assignments or transfers, forming new entities, or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Paragraphs (A)(1) through (A)(8) above.

B.     Ordering Defendants to deliver for destruction all counterfeit UGG® products, including footwear and labels, signs, prints, packages, dyes, wrappers, receptacles, and advertisements relating thereto in its possession, custody, or control or

any simulation, reproduction, counterfeit, copy, or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices, and other means of making same;

C.    Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

D.    Ordering Defendants to disgorge their profits;

E.    Awarding actual damages suffered by Plaintiff as a result of Defendants' acts;

F.    Awarding all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117;

G.    Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

H.    Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c);

I.    Awarding Plaintiff damages as a result of Defendants' infringement of Plaintiff's registered patents and increasing the damages up to three times the amount found or assessed under 35 U.S.C. § 284, and awarding Plaintiff all of Defendants' total profits from the sale of goods infringing Deckers' UGG® Boot Designs under 35 U.S.C. § 289;

J.    Awarding applicable interest, costs, disbursements and attorneys' fees;

K.      Awarding Plaintiff punitive damages in connection with its claims under

New York law; and

L.      Awarding Plaintiff such other and further relief as the Court deems just and

proper.


Dated:          August 14, 2015                  Respectfully Submitted,
                Los Angeles, California

                                        _____*/s/ Diana A. Sanders*_____
                                        Diana A. Sanders (DS 2126)
                                        dsanders@thompsoncoburn.com
                                        THOMPSON COBURN LLP
                                        2029 Century Park East, 19th Floor
                                        Los Angeles, California 90067
                                        Tel: 310.282.2500 / Fax: 310.282.2501
                                        ***Attorneys for Plaintiff***
                                        ***Deckers Outdoor Corporation***

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers

Outdoor Corporation hereby demands a trial by jury in this action on any issue triable of

right by a jury.


Dated:          August 14, 2015                  Respectfully Submitted,
                Los Angeles, California

                                                 _____ */s/ Diana A. Sanders*_____
                                                 Diana A. Sanders (DS 2126)
                                                 dsanders@thompsoncoburn.com
                                                 THOMPSON COBURN LLP
                                                 2029 Century Park East, 19th Floor
                                                 Los Angeles, California 90067
                                                 Tel: 310.282.2500 / Fax: 310.282.2501
                                                 Attorneys for Plaintiff
                                                 Deckers Outdoor Corporation